IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JULIET REYNAUD, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.   18 C 8017 |
| | ) | |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| DOLLAR TREE STORES, INC., a Virginia | ) | |
| Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Juliet Reynaud sued defendant Dollar Tree Stores Inc. in the Circuit Court of Cook County, Illinois, seeking to recover for personal injuries she incurred when she tripped over what she described as a "newspaper strap" on the floor of defendant's store located at 8721 S. Stoney Island Avenue, Chicago, Illinois (the "store").   Defendant removed the case to this court and, after conducting discovery, has moved for summary judgment.   For the following reasons, the motion is granted.

## BACKGROUND

On December 11, 2016, plaintiff went to the store to buy a can of Carnation cream.   As she entered the store, she passed a cash register and she fell after her foot got tangled in a rope.   She testified that it was "a rope that they use to bundle newspapers."   She described the rope as a brown cord, the thickness of her finger, but very thick.   It was in a circle.   She does not know how long the cord was on the floor before she tripped.   After she fell, store personnel asked if she was hurt.   Plaintiff said no and continued to walk through the store.   Her ankle was hurting, and after she purchased milk, she asked the store manager to call an ambulance, and she was taken to Jackson Park Hospital.

## DISCUSSION

Defendant has moved for summary judgment on plaintiff's claim. Summary judgment is proper where there is "no dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The party seeking summary judgment has the burden of establishing that there is no genuine dispute as to any material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). In determining whether a genuine issue of material fact exists, the court must construe all facts and reasonable inferences in the light most favorable to the nonmoving party. See CTL ex rel. Trebatoski v. Ashland Sch. Dist., 743 F.3d 524, 528 (7th Cir. 2014). But the nonmovant "is only entitled to the benefit of inferences supported by admissible evidence, not those 'supported only by speculation or conjecture.'" Grant v. Trus. of Ind. Univ., 870 F.3d 562, 568 (7th Cir. 2017).

To establish a claim of negligence under Illinois law, which the parties agree applies to the instant case, plaintiff must prove that: 1) defendant owed a duty of reasonable care to plaintiff; 2) defendant breached that duty; and 3) the breach proximately caused plaintiff's injury. Newsome-Bogan v. Wendy's Old Fashioned Hamburgers of New York, Inc., 2011 Ill. App. (1st) 092860 at ¶14 (2011). Summary judgment is proper if plaintiff cannot establish any element of her claim. Id. "A business owner breaches its duty to an invitee on its premises who slips on a foreign substance if: 1) the substance was placed there by the negligence of the proprietor; 2) its servant knew of its presence; or 3) the substance was there a sufficient length of time so that, in the

exercise of ordinary care, its presence[] should have been discovered, i.e., the proprietor had constructive notice of the substance." Id. at ¶15

A proprietor owes a business invitee a duty of "exercise ordinary care in maintaining the premises in a reasonably safe condition." Id. at ¶16. If an invitee is injured in a slip and fall on the premises and there is "no way of showing how the substance became located on the floor, liability may be imposed if the defendant or its employees had constructive notice of its presence." Id. Constructive notice exists if the substance was there for a sufficient length of time such that the exercise of ordinary care should have made it known, or by showing that the dangerous condition was part of a pattern of conduct or a recurring incident. Devine v. Nat. Railroad Passenger Corp., 2020 WL 5569832 at *4 (N.D. Ill. Sept. 17, 2020). Under the recurring incident theory, plaintiff need not establish that the alleged pattern of prior conditions was precisely the same; evidence of similar dangerous conditions "may be sufficient to create constructive notice." Id. But, "a record devoid of problems similar to the dangerous condition alleged precludes this method of constructive notice." Id. Regardless of the theory, liability cannot be imposed on guess, speculation, or conjecture as to the cause of the injury, and proximate cause can be established only if it is reasonably certain that the defendant's acts caused the plaintiff's injury. Newsome-Bogan, 2011 Ill. App. (1st) 092860 at ¶ 16.

In the instant case, defendant concedes that there was a finger-thick brown cord on the floor, but plaintiff has offered no evidence as to how it got there or how long it was on the floor. Citing Olinger v. The Great Atlantic and Pacific Tea company, 21 Il. 2d 469 (1961), plaintiff tries to argue that the cord was a product sold or related to defendant's business, raising the permissible inference that defendant's employees were responsible for its presence and liability may be

3

imposed.   What <u>Olinger</u> holds, however, is that when the substance is unrelated to the proprietor's operations and there is no proof of actual or constructive notice, a defendant is entitled to a directed verdict.   And, even when there is proof that the foreign substance was related to the defendant's business, but there is no further evidence other than the presence of the substance and the occurrence, the defendant is entitled to a directed verdict.   <u>Id.</u> at 475.   Even when the substance is a product sold or related to a defendant's operations, the plaintiff must offer "some further evidence, direct or circumstantial, however slight, such as the location of the substance or the business practices of the defendant, from which it could be inferred that it was more likely that defendant or his servants, rather than a customer, dropped the substance on the premises."   <u>Id.</u>

Plaintiff argues that there is evidence that the cord was used to bind the Sunday newspapers, and that the customers ripped the papers apart to get to the coupons.   But she never saw newspaper bundles tied with the type of cord she described, either at defendant's store or anywhere else.   Defendant's employees testified without contradiction that the paper bundles were tied with thin white twine, and there is no evidence that defendant sold a cord as described by plaintiff.   It did sell brown twine, but it was thinner than even the thin white twine that bound the papers.   Even if plaintiff is correct that the cord was used to bind the newspaper bundles, her theory is that customers, not defendant's employees dropped the cord on the floor.   Thus, she still needs to establish actual or constructive notice.

Plaintiff also argues that the district manager testified that the store's employees were young kids who did not care about keeping the floors clean and free of debris, and that in the Christmas season the employees could not keep up with clearing the floor.   Those employees testified, however, that they would pick up anything they saw on the floor, and no one saw the cord

that plaintiff claims caused the injury.   Nor is there any evidence of the overall condition of the store on the day in question.   To the extent that plaintiff is attempting to argue a recurring incident theory, she needs to present evidence that this store had a pattern of dangerous condition leading to recurring incidents.   See Swartz v. Sears, Roebuck and Co., 264 Ill. App. 3d 254, 273 (1st Dist. 1993).   In the instant case, there is simply no evidence that newspaper bindings were repeatedly strewn about the floor, creating a recurring dangerous situation. The testimony reveals that no employee ever saw such bindings on the floor store, and that the newspapers were located in the front of the store, not near where plaintiff fell.   There were only four slip and fall incidents at the store in 2016, including plaintiff's, and two of those involved spills of liquid.   In short, there is no evidence that there was a recurring problem with cords or rope being left on the floor.

Consequently, the court concludes that defendant is entitled to summary judgment.   As noted, "liability cannot be based on guess, speculation, or conjecture as to the cause of the injury." Newsome-Bogan, 2011 Ill. App. (1st) 092860 at ¶ 16.   Illinois "firmly adhere[s] to the rule that a shopkeeper is not the insurer of his customer's safety.   Liability must be founded on fault, and where, as here, there is no evidence, direct or inferential, of negligence by defendant[] in the maintenance of the store premises, liability may not be imposed."   Olinger, 21 Il.2d at 476.

## CONCLUSION

For the reasons described above, defendant's motion for summary judgment [Doc. 115] is granted.


ENTER:

**Robert W. Gettleman**
**United States District Judge**


**DATE:**     **August 5, 2021**

6